1
2
3
4
5
6
7
8        UNITED STATES DISTRICT COURT
9        SOUTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| 11  HANS D'OLEIRE, as individual, | Case No.: 3:16-cv-02520-GPC-NLS |
| 12  Plaintiff, | **ORDER GRANTING DEFENDANTS'** |
| 13  v. | **MOTION TO DISMISS** |
| 14  SELECT PORTFOLIO SERVICING, | **PLAINTIFF'S COMPLAINT** |
| 15  INC; BANK OF AMERICA, N.A. aka | **[ECF No. 3.]** |
|     BOFA Home Loans Servicing, LP | |
| 16  formerly known as Countrywide Home | |
|     Loans Servicing LP; AMERICA'S | |
| 17  WHOLESALE LENDER, a New York | |
| 18  Corporation; THE BANK OF NEW | |
|     YORK MELLON FKA THE BANK OF | |
| 19  NEW YORK AS TRUSTEE FOR THE | |
| 20  CERTIFICATEHOLDERS OF CWALT, | |
|     INC. ALTERNATIVE LOAN TRUST | |
| 21  2005-56 MORTGAGE PASSTHROUGH | |
| 22  CERTIFICATES, SERIES 2005-56; | |
|     NATIONAL DEFAULT SERVICING | |
| 23  CORPORATION; and DOES 1 through | |
| 24  20, inclusive, | |
| 25  Defendants. | |

26

27      On October 13, 2016, Defendants Select Portfolio Servicing, Inc. ("SPS") and The

28  Bank of New York Mellon, f/k/a The Bank of New York, as Trustee, on Behalf of the

1

1   Holders of the Alternative Loan Trust 2005-56, Mortgage Pass-Through Certificates,

2   Series 2005-56 ("BNYM as Trustee") (collectively "Defendants") filed a motion to

3   dismiss Plaintiff Hans D'Oleire's ("Plaintiff's") Complaint pursuant to Rule 12(b)(6) of

4   the Federal Rules of Civil Procedure.  (Dkt. No. 3.)  Plaintiff did not file a response, and

5   Defendant did not file a reply.  The Court deems Plaintiff's motion suitable for

6   disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1).

7       Having reviewed Defendant's motion and the applicable law, and for the reasons

8   set forth below, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's

9   Complaint.

10                              **BACKGROUND**

11      On August 18, 2005, Plaintiff obtained a loan from AWL for $826,550.00 to

12   purchase real property ("Property") located at 1045 White Alder Avenue, Chula Vista,

13   California 91914.  (Dkt. No. 1-4, Compl. ¶¶ 2, 12; Def.'s RJN Ex. A.)  Plaintiff executed

14   a deed of trust ("DOT") and a promissory note ("Note"), securing the Note with the

15   Property.  The DOT, recorded on August 25, 2005, lists Plaintiff as the borrower, AWL

16   as the lender, Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary in

17   nominee capacity for AWL and AWL's successors and assigns, and ReconTrust

18   Company, N.A. ("ReconTrust") as the trustee.  (Compl. ¶12; Def.'s RJN Ex. A at 3.)

19   Plaintiff defaulted on his loan at some point in time before April 3, 2008.  (Compl. ¶ 26.)

20      Plaintiff alleges a number of problems with the 2005 loan transaction.  Plaintiff

21   alleges on information and belief that AWL was a nonexistent entity, and that the actual

22   lender, Countrywide Bank, maintained a practice of misrepresentation to borrowers that

23   they were borrowing from AWL.  (*Id.* ¶¶ 13–14, 20.)  In addition to Defendants' failure

24   to identify the true identity of the lender in loan documents and disclosures, Plaintiff

25   further alleges on information and belief that Defendants falsified Plaintiff's income and

26   employment on loan documents, made a loan to Plaintiff with knowledge that Plaintiff

27   could not afford to repay the loan, concealed Plaintiff's obligations pursuant to the loan,

28   and ignored Plaintiff's debt-to-income ratio.  (*Id.* ¶ 19.)  Plaintiff maintains that he

2

1    discovered the misrepresentation about AWL's identity and the falsification of his

2    income, profession, employment history, and ability to repay the loan on August 28,

3    2012.  (*Id.* ¶ 20.)  Plaintiff alleges that prior to August 28, 2012, Countrywide Bank and

4    its successors and assignees "concealed" the misrepresentations.  (*Id.*)

5           On August 28, 2012, MERS executed and recorded an Assignment of Deed of

6    Trust ("ADOT) to BNYM as Trustee.  (Compl. ¶ 24; Def.'s RJN Ex. C at 2.)  Plaintiff

7    alleges that BNYM as Trustee is not and was not the holder of the Note or the beneficiary

8    of the DOT.  (Compl. ¶ 23.)

9           On August 11, 2014, SPS recorded a Substitution of Trustee ("SOT") and

10    substituted NDSC as the trustee in place of ReconTrust.  (Def.'s RJN Ex. D at 2.)  On the

11    same day, NDSC recorded a Notice of Default and Election to Sell Under Deed of Trust

12    ("NOD") against the Property, notifying Plaintiff that he was $585,228.38 in arrears on

13    his loan as of August 7, 2014.  (Def.'s RJN Ex. E at 2.)  On December 10, 2014, NDSC

14    recorded a Notice of Trustee's Sale ("NOTS").  (Def.'s RJN Ex. F at 2.)  On September

15    12, 2016, Plaintiff's Property was sold at public auction to a Sierra Equity Acquisitions,

16    LLC, a third party.  (Def.'s RJN Ex. J at 2–3.)

17           Plaintiff filed a verified complaint on August 5, 2016, in San Diego Superior Court

18    against SPS, Bank of America, N.A. ("BANA"), America's Wholesale Lender ("AWL"),

19    BNYM as Trustee, National Default Servicing Corp. ("NDSC"), and Does 1 through 20,

20    inclusive.  (Dkt. No. 1-4, Compl. at 2.)  Plaintiff asserts six causes of action:

21            1.  Declaratory relief determining that Plaintiff is the owner of the Property, and

22                that the August 25, 2010 and August 28, 2012 Assignments of Deed of Trust

23                are invalid and void (Compl. ¶¶ 28–33);

24            2.  Wrongful foreclosure in violation of Cal. Civ. Code §§ 2924 *et seq.* (*Id.* ¶¶ 34–

25                41);

26            3.  Violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.* (*Id.*

27                ¶¶ 42–47);

28            4.  Quiet title (*Id.* ¶¶ 48–56);

5. Cancellation of written instruments (*Id.* ¶¶ 57–59); and

6. Breach of contract (*Id.* ¶¶ 60–70).

Plaintiff's first claim is against all Defendants; his second through fifth claims are against BANA, SPS, BNYM as Trustee, and NDSC; and his sixth claim is against AWL. Defendants SPS and BNYM as Trustee removed the action to federal court on October 7, 2016 (Dkt. No. 1) and filed a motion to dismiss on October 13, 2016 (Dkt. No. 3).

<b>LEGAL STANDARD</b>

**A. Rule 12(b)(6)**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12 (b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe all inferences from them in the light most favorable to the nonmoving party. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). Legal conclusions, however, need not be taken as true merely because they are cast in the form of factual allegations. *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). Where leave to amend would be futile, the Court may deny leave to amend. *See Desoto*, 957 F.2d at 658; *Schreiber*, 806 F.2d at 1401.

## B. Request for Judicial Notice

Defendants SPS and BNYM as Trustee filed a request for judicial notice ("RJN"). (Dkt. No. 4.) Plaintiff did not oppose.

Generally, a court cannot consider matters outside of the complaint on a Rule 12(b)(6) motion to dismiss, unless those matters are: 1) authenticated documents that have been incorporated by the complaint or 2) facts subject to judicial notice. *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001). Documents may be incorporated into a complaint when the plaintiff "refers extensively" to the document or when the document forms the basis of the plaintiff's claims. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Courts may take judicial notice of adjudicative facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). Indisputable facts are those that are "generally known" or that "can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." *Id.*

Here, SPS and BNYM as Trustee seek judicial notice of the following:

1.  Deed of Trust recorded on August 25, 2005 with the San Diego County Recorder's Office as instrument number 2005-0734771 (Ex. A);

2.  Fictitious Business Name Statement recorded on March 10, 2006 with the San Diego County Clerk as instrument number 2006-009533 (Ex. B);

3.  Assignment of Deed of Trust recorded on August 28, 2012 with the San Diego County Recorder's Office as instrument number 2012-0513889 (Ex. C);

4.  Substitution of Trustee recorded on August 11, 2014 with the San Diego County Recorder's Office as instrument number 2014-0341545 (Ex. D);

5.  Notice of Default and Election to Sell Under Deed of Trust recorded on August 11, 2014 with the San Diego County Recorder's Office as instrument number 2014-0341546 (Ex. E);

6.  Notice of Trustee's Sale recorded on December 10, 2014 with the San Diego County Recorder's Office as instrument number 2014-0543055 (Ex. F);

7.  Voluntary Petition filed on October 29, 2015 in the United States Bankruptcy Court for the Southern District of California in case number 15-06891-LA13 (Ex. G);

8.  Trustee's Motion to Dismiss Case and Order filed on December 1, 2015 in the United States Bankruptcy Court for the Southern District of California in case number 15-06891-LA13 (Ex. H);

9.  Verified Complaint filed by Plaintiff Hans D'Oleire on December 10, 2015 in the San Diego County Superior Court in case number 37-2015-00041111-CL-BT-CTL (Ex. I); and

10. Trustee's Deed Upon Sale recorded on September 23, 2016 with the San Diego County Recorder's Office as instrument number 2016-0506617 (Ex. J).

Because courts may take judicial notice of "matters of public record," *Lee*, 250 F.3d at 689, the Court **GRANTS** Defendant's RJN as to the first through sixth and tenth documents. Because a court may take judicial notice "of other courts' proceedings, within the federal judiciary and without, if the proceedings directly relate to matters

6

before the court," *Hayes v. Woodford*, 444 F. Supp. 2d 1127, 1137 (S.D. Cal. 2006),

*aff'd*, 276 F. App'x 576 (9th Cir. 2008), the Court **GRANTS** Defendant's RJN as to the

seventh through ninth documents.

## DISCUSSION

### I.    TILA Claim

Plaintiff alleges that Countrywide, BNYM as Trustee's "predecessor in interest,"

violated TILA by failing to make required disclosures (*e.g.*, the true identity of the

lender) and by issuing a loan to Plaintiff knowing that Plaintiff could not afford to repay

the loan.  (Compl. ¶ 43.)  Plaintiff further alleges that BNYM as Trustee's predecessor-

in-interest failed to disclose the right of rescission to Plaintiff.  (*Id.* ¶ 45.)  On August 28,

2012, Plaintiff allegedly exercised his right to rescind the loan under TILA.  (*Id.* ¶ 46.)

He alleges that Defendants failed to contest the rescission within the required timeframe,

and as such, the DOT is void.  (*Id.*)

Defendants respond that Plaintiff's TILA claim fails because (1) it is barred by the

relevant statute of limitations; (2) Plaintiff has failed to allege tender; and (3) BNYM as

Trustee and SPS are not "creditors" under TILA.  (Dkt. No. 3 at 11–12.)

### A. Statute of Limitations

TILA grants borrowers the right to rescind a loan "until midnight of the third

business day following the consummation of the transaction or the delivery of the

[disclosures required by the Act], whichever is later, by notifying the creditor, in

accordance with regulations of the [Federal Reserve] Board, of his intention to do so."

15 U.S.C. § 1635(a).  Borrowers have "an unconditional right to rescind for three days,

after which they may rescind only if the lender failed to satisfy the Act's disclosure

requirements."  *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 791–92

(2015).  The conditional "right of rescission shall expire three years after the date of

consummation of the transaction or upon the sale of the property, whichever comes first."

15 U.S.C. § 1635(f).  The Supreme Court recently clarified that "a borrower need only

provide written notice to a lender in order to exercise his right to rescind." *Jesinoski*, 135 S. Ct. at 793.

Defendants assert that TILA does not allow for tolling.  (Dkt. No. 3 at 11 n.3.) Their assertion is incorrect.  Although "as a general rule the limitations period starts at the consummation of the transaction," the Ninth Circuit has held that "the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action."  *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986).  District courts "can evaluate specific claims of fraudulent concealment and equitable tolling to determine if the general rule would be unjust or frustrate the purpose of the Act and adjust the limitations period accordingly."  *Id.*; *see also Merritt v. Countrywide Fin. Corp.*, 759 F.3d 1023, 1040 (9th Cir. 2014) (reaffirming *King*'s holding regarding equitable tolling for TILA claims).

Plaintiff's claim is time-barred absent equitable tolling.  The date of Plaintiff's transaction with Countrywide was August 25, 2005, about seven years prior to Plaintiff's exercise of his rescission right, and about eleven years prior to the filing of this lawsuit. (Compl. ¶ 12.)  Moreover, Plaintiff "did not make any showing of due diligence to discover the contents of h[is] loan documents."  *Silvas v. G.E. Money Bank*, 449 F. App'x 641, 644 (9th Cir. 2011); *see also Pedersen v. Greenpoint Mortg. Funding, Inc.*, 900 F. Supp. 2d 1071, 1079 (E.D. Cal. 2012) (noting that a plaintiff seeking equitable tolling must allege "specific facts explaining the failure to learn the basis for the claim within the statutory period); *Jacon v. Aurora Loan Servs.*, No. 10–1789 SC, 2010 WL 2673128, at *3 (N.D. Cal. July 2, 2010) (cautioning that a plaintiff cannot rely on the same factual allegations to both show a violation of the federal statute and to toll the limitations period of that statute).

The Court **GRANTS** Defendants' motion to dismiss Plaintiff's TILA claim without prejudice.  Out of an abundance of caution, the Court grants Plaintiff leave to amend his TILA claim.  To attempt to invoke equitable tolling, Plaintiff should allege

8

facts showing his due diligence in discovering the contents of his loan documents and explaining why he failed to learn the basis for his claim within a year of the consummation of the 2005 transaction.  Plaintiff should also allege nonconclusory facts clarifying his alleged exercise of his rescission rights under TILA on August 28, 2012.

**B.  Tender**

Defendants contend that Plaintiff cannot state a claim for rescission under TILA unless he can tender the principal balance of the loan.  (Dkt. No. 3 at 12.)  However, Defendants' position is incorrect.  The Ninth Circuit has held that "district courts may, if warranted by the circumstances of the particular case, require the obligor to provide evidence of ability to tender as a condition for denial of a summary judgment motion advanced by the creditor."  *Merritt v. Countrywide Fin. Corp.*, 759 F.3d 1023, 1031 (9th Cir. 2014) (citing *Yamamoto v. Bank of New York*, 329 F.3d 1167, 1171–73 (9th Cir. 2003)).  The Ninth Circuit declined to "prescribe the pleading of ability to tender in every TILA rescission case," as such a requirement "would be inconsistent with th[e] evidence-grounded, case-by-case approach" necessary in equitable determinations.  *Id.*  The Ninth Circuit accordingly "h[e]ld that plaintiffs can state a claim for rescission under TILA without pleading that they have tendered, or that they have the ability to tender, the value of their loan."  *Id.* at 1033.  The Court thus cannot dismiss Plaintiff's TILA claim solely for lack of an allegation of tender.

**C.  "Creditors"**

Finally, Defendants contend that TILA applies only to creditors, not to a trustee of a loan pool (BNYM as Trustee) or to a loan servicer (SPS).  (Dkt. No. 3 at 12.)  Again, the issue is not as straightforward as Defendants suggest.  Courts in the Ninth Circuit have not uniformly found that a trustee of a loan pool, as opposed to another type of trustee, is not a "creditor" within the meaning of TILA.  *See, e.g.*, *Schwartz v. U.S. Bank, Nat. Ass'n*, No. CV 11-08754 MMM JCG, 2012 WL 10423214, at *10–11 (C.D. Cal. Aug. 3, 2012) (rejecting the argument that U.S. Bank, a trustee of a loan pool, was not a creditor under TILA).  As for loan servicers, not all servicers are exempt from TILA

liability: servicers who are also assignees of the loan are subject to liability. *See Gale v. First Franklin Loan Servs.*, 701 F.3d 1240, 1244 (9th Cir. 2012). Defendants provide no further information on SPS's qualification for exemption from TILA liability. The Court thus declines to dismiss Plaintiff's claim on this ground.

## II.   Wrongful Foreclosure Claim

A wrongful foreclosure claim consists of the following elements:

(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering.

*Sciarratta v. U.S. Bank Nat'l Ass'n*, 202 Cal. Rptr. 3d 219, 226 (Cal. Ct. App. 2016) (internal citation, quotation marks, and alterations omitted). "Mere technical violations of the foreclosure process will not give rise to a tort claim; the foreclosure must have been entirely unauthorized on the facts of the case." *Id.* (internal citation, quotation marks, and alteration omitted).

Plaintiff alleges conclusorily that the foreclosure was wrongful because Defendants do not hold the Note and are not beneficiaries of the DOT, and that as such, the sale was void. (Compl. ¶ 35.) Plaintiff's only nonconclusory assertions are that AWL was a nonexistent entity at the time Plaintiff obtained his loan (*id.* ¶ 37) and that the ADOT was void because it was "belated" (*id.* ¶ 36). Defendants contend that Plaintiff's wrongful foreclosure claim fails because (1) it is barred by the statute of limitations; (2) publicly recorded documents show that AWL is the "doing business as" designation of Countrywide, who was registered to do business in California in August 2006; (3) Plaintiff lacks standing to challenge the ADOT; and (4) publicly recorded documents show that Defendants have an interest in the Property. (Dkt. No. 3 at 7–10.)

/ / / /

1

**A. Statute of Limitations**

2

The statute of limitations for actions based on allegations of fraud or mistake is

3 three years. Cal. Civ. Proc. Code § 338(d). "In order to rely on the discovery rule for

4 delayed accrual of a cause of action, a plaintiff whose complaint shows on its face that

5 his claim would be barred without the benefit of the discovery rule must specifically

6 plead facts to show (1) the time and manner of discovery and (2) the inability to have

7 made earlier discovery despite reasonable diligence." *Fox v. Ethicon Endo-Surgery, Inc*.,

8 35 Cal. 4th 797, 808 (2005) (internal citation, quotation marks, and alteration omitted).

9

Plaintiff's wrongful foreclosure claim sounds in fraud, (*see* Compl. ¶¶ 13–14, 20),

10 and is subject to the three-year statute of limitations. Plaintiff does not specifically plead

11 facts showing the manner of his discovery of the misrepresentation concerning AWL's

12 identity. Nor does he specifically plead facts showing that he was unable to discover the

13 misrepresentation earlier despite reasonable diligence. Even if Plaintiff could rely on the

14 discovery rule, Plaintiff's wrongful foreclosure claim is still time-barred. Plaintiff alleges

15 that he discovered that AWL was a nonexistent entity on August 28, 2012, on the same

16 day the ADOT transferring beneficial interest in the DOT to BNYM as Trustee was

17 recorded. (Compl. ¶ 20.) Plaintiff filed the instant action in state court on August 5,

18 2016, nearly four years after he discovered the truth of AWL's identity. Plaintiff's

19 wrongful foreclosure claim is thus barred by the applicable statute of limitations. *See*

20 *Martinez v. JPMorgan Chase Bank, N.A.*, No. C 16-00627 WHA, 2016 WL 1382906, at

21 *1–2 (N.D. Cal. Apr. 7, 2016) (holding that wrongful foreclosure claim was subject to a

22 three-year statute of limitations and accordingly time-barred).

23

The Court **GRANTS** Defendants' motion to dismiss Plaintiff's wrongful

24 foreclosure claim without prejudice. It may be futile for Plaintiff to amend this claim, as

25 it falls outside of the statute of limitations, even with the benefit of the discovery rule.

26 However, if Plaintiff can allege nonconclusory facts showing that he had exercised his

27 rescission rights under TILA on August 28, 2012, *see supra* Part I.A, the same day he

28 discovered the alleged misrepresentations, then leave to amend may not be futile. The

Court thus grants Plaintiff leave to amend his wrongful foreclosure claim out of an abundance of caution.

### B. Standing

First, Plaintiff's assertion that his Property was subject to a wrongful foreclosure because none of the Defendants had the right to foreclose on his Property is conclusory. Aside from AWL's alleged nonexistence at the time Plaintiff's loan originated in 2005, Plaintiff does not allege any facts from which an inference may be drawn that none of the Defendants had the right to foreclose on his Property.

Second, Plaintiff's assertion that the ADOT was void because it was "belated" involves two threshold problems: (1) it is unclear to which ADOT Plaintiff refers, and (2) it is unclear what rendered the assignment "belated" and how the alleged untimeliness of the assignment rendered the foreclosure wrongful. As to the first threshold issue, Plaintiff mentions two ADOT transactions: an August 25, 2010 ADOT and an August 28, 2012 ADOT. (Compl. ¶¶ 30.) The August 28, 2012 ADOT is most likely the relevant assignment, as it is the operative instrument that transferred beneficial interest in the DOT to BNYM as Trustee. (Compl. ¶ 24; Def.'s RJN Ex. C at 2.)

As to the second threshold issue, without more information, it is unclear whether the "belatedness" of the assignment renders the assignment void. *See, e.g.*, *Ram v. OneWest Bank, FSB*, 183 Cal. Rptr. 3d 638, 643–44 (Cal. Ct. App. 2015) ("A sale is not rendered void merely because of minor or technical defects.") Plaintiff is not a party to the ADOT agreement. (Def.'s RJN Ex. D at 2.) He thus has no standing to challenge the assignment, *see Jones v. Aetna Cas. & Sur. Co.*, 26 Cal. App. 4th 1717, 1722 (Cal. Ct. App. 1994), unless the assignment is void, not merely voidable, *see Yvanova v. New Century Mortg. Corp.*, 365 P.3d 845, 856 (Cal. 2016).

Defendants cite cases for the proposition that "alleged defects related to post-closing date transfers are voidable, not void." (Dkt. No. 3 at 9.) However, these cases interpret New York law, not California law. *See, e.g.*, *Saterbak v. JPMorgan Chase Bank, N.A.*, 199 Cal. Rptr. 3d 790, 796 (2016), *reh'g denied* (Apr. 11, 2016), *review*

*denied* (July 13, 2016) (examining "whether, under New York law, an untimely assignment to a securitized trust made after the trust's closing date is void or merely voidable"); *Morgan v. Aurora Loan Servs., LLC*, 646 F. App'x 546, 550 (9th Cir. 2016) (affirming district court's holding that plaintiff lacked standing because "an act in violation of a trust agreement is voidable—not void—under New York law").  None of the parties in this action clarify which state's law applies, so the Court may not assume that New York law applies.

 Moreover, Defendants oversimplify the issue of whether or not defects relating to post-closing date transfers are merely voidable under California law.  *See, e.g.*, *Glaski v. Bank of Am., Nat'l Ass'n*, 160 Cal. Rptr. 3d 449, 452–56 (Cal. Ct. App. 2013).  In *Glaski,* the plaintiff asserted a wrongful foreclosure claim, alleging that "his note and deed of trust had never been validly assigned to the securitized trust because the purported assignments were made after the trust's closing date."  *Yvanova*, 365 P.3d at 852 (analyzing *Glaski*, 160 Cal. Rptr. 3d at 452–56).  The California Supreme Court recently concluded that *Glaski* "was correct to hold a wrongful foreclosure plaintiff has standing to claim the foreclosing entity's purported authority to order a trustee's sale was based on a void assignment of the note and deed of trust."  *Yvanova v. New Century Mortg. Corp.*, 365 P.3d 845, 858 (Cal. 2016); *see also Vogan v. Wells Fargo Bank, N.A.*, No. 2:11-CV-02098-JAM, 2011 WL 5826016, at *7 (E.D. Cal. Nov. 17, 2011) (denying motion to dismiss, finding that plaintiff's allegation "that the recorded assignment was executed well after the closing date of the [mortgage baked security] to which it was allegedly sold" gave rise to a "plausible inference that at least some part of the recorded assignment was fabricated").  Due to a lack of information, at this time the Court is unable to determine whether or not the "belatedness" of the assignment renders the transfer at issue void.

 Should Plaintiff elect to amend his wrongful foreclosure claim, he should clarify which ADOT he challenges, and how the relevant assignment was "belated."  Should Defendants file a motion to dismiss Plaintiff's amended wrongful foreclosure claim, they

should clarify which state's law governs the transactions at issue and cite cases that explain whether the alleged defects render a transaction void under that state's law.

### C. Publicly Recorded Documents

#### a. AWL

Constructive notice is notice imputed by law.  *E-Fab, Inc. v. Accountants, Inc. Servs.*, 64 Cal. Rptr. 3d 9, 16 (Cal. Ct. App. 2007).  Countrywide Home Loans, Inc. registered AWL as its "doing business as" designation in a Fictitious Business Name Statement recorded on March 10, 2006 with the San Diego County Clerk.  (Def.'s RJN Ex. B.)  However, the fictitious business name was registered *after* Plaintiff secured his loan with AWL in 2005.  Moreover, Defendants cite no law for the proposition that a recorded fictitious business name statement puts Plaintiff on constructive notice.  Finally, while the Court may take judicial notice of the fact that Countrywide registered AWL as a fictitious business name in 2006, the Court may not take judicial notice of the truth of the matter asserted in the document, as it disputes Plaintiff's allegations that AWL was a nonexistent entity at the time he secured his loan in 2005, and that Defendants had a practice of misrepresenting to borrowers that AWL was in fact a real entity.  *See Spy Optic, Inc. v. Alibaba.Com, Inc.*, 163 F. Supp. 3d 755, 762 (C.D. Cal. 2015) (stating that courts "may not take judicial notice of the truth of the matters asserted in the [document]").

#### b. Defendants' Interest in the Property

For the same reason that the Court may not take judicial notice of the truth of the matters asserted in the publicly recorded documents provided by Defendants, the Court declines adopting Defendants' argument that, contrary to Plaintiff's admittedly conclusory allegations, Defendants do have an interest in the Property.  (Dkt. No. 3 at 10.)

### III.   Quiet Title Claim

An action to quiet title can be brought "to establish title against adverse claims to real or personal property or any interest therein."  Cal. Civ. Proc. Code § 760.020.  A

"[c]laim" is defined as "a legal or equitable right, title, estate, lien, or interest in property or cloud upon title." *Id.* § 760.010(a).  To state a cause of action for quiet title, a plaintiff must allege the following in a verified complaint: (1) the property's legal description and its street address or common designation; (2) Plaintiffs' title and the basis of the title; (3) the adverse claims to the title against which a determination is sought; (4) the date the determination is sought; and (5) a prayer for the determination of the plaintiffs' title against the adverse claims.  Cal. Civ. Proc. Code § 761.020.  In addition, a "plaintiff seeking to quiet title in the face of a foreclosure must allege tender or an offer of tender of the amount borrowed." *Mangindin v. Washington Mut. Bank*, 637 F. Supp. 2d 700, 712 (N.D. Cal. 2009) (quoting *Arnolds Management Corp. v. Eischen*, 158 Cal. App. 3d 575, 578 (Cal. Ct. App. 1984)).

In his verified complaint, Plaintiff lists the adverse claims to the title against which a determination is sought.  (Compl. ¶ 50.)  Plaintiff repeats his conclusory allegation that Defendants lack any interest in the Property.  (*Id.* ¶¶ 51, 53).  Plaintiff also alleges conclusorily that he has no obligation to tender because it "would be inequitable and because the foreclosure sale by Defendants and each of them is void as a matter of law." (*Id.* ¶ 54.)  Plaintiff alleges that it would be inequitable "to tender to an entity that in fact has no right to payments under the Subject Note."  (*Id.* ¶ 55.)  Plaintiff makes passing reference to the fact that the loan was "rescinded."  (*Id.* ¶ 55; 46.)

Defendants contend that Plaintiff's quiet title claim fails for the same reasons that the wrongful foreclosure claim fails, and that the claim fails for the independent reason that Plaintiff does not allege tender.  (Dkt. No. 3 at 7–11.)

### A. Statute of Limitations

The statute of limitations for quiet title actions depends upon the "underlying theory of relief." *Muktarian v. Barmby*, 407 P.2d 659, 661 (Cal. 1965).  Under both the wrongful foreclosure (three-year statute of limitations) and TILA (one-year statute of limitations) theories of relief, Plaintiff's claim is time-barred.  And because Plaintiff fails

1   to state a claim for breach of contract, any argument that the quiet title claim arises from

2   a breach of contract claim is moot.

3       **B. Tender**

4       "It is settled in California that a mortgagor cannot quiet his title against the

5   mortgagee without paying the debt secured." *Shimpones v. Stickney*, 219 Cal. 637, 649

6   (Cal. 1934); s*ee also Aguilar v. Bocci*, 39 Cal. App. 3d 475, 477 (Cal. Ct. App. 1974)

7   (trustor is unable to quiet title "without discharging his debt").  However, tender may not

8   be required if it would be inequitable to do so.  *Onofrio v. Rice*, 55 Cal. App. 4th 413,

9   424 (Cal. Ct. App. 1997) (If plaintiffs "attacks the validity of the underlying debt, a

10   tender is not required since it would constitute an affirmation of the debt."); *see also*

11   *Dimock v. Emerald Props.*, 81 Cal. App. 4th 868, 876–78 (Cal. Ct. App. 2000).

12   California courts have distinguished between a void and a voidable foreclosure sale to

13   determine whether an allegation of tender is required.  *See Dimock*, 81 Cal. App. 4th at

14   877–88; *Ferguson v. Avelo Mortg., L.L.C.*, 195 Cal. App. 4th 1618 (Cal. Ct. App. 2011).

15   "In the context of overcoming a voidable sale, the debtor must tender any amounts due

16   under the deed of trust." *Dimock*, 81 Cal. App. 4th at 877. However, no tender required

17   if a foreclosure sale is void.  *Id.* at 878.

18       Application of the tender rule is not as automatic as Defendants suggest.  Courts

19   have declined to apply the tender rule where "plaintiff plausibly alleges that the

20   defendant lacks authority to foreclose on the property and, thus, that any foreclosure sale

21   would be void rather than merely voidable." *Rockridge Trust v. Wells Fargo, N.A.*, 985

22   F. Supp. 2d 1110, 1158 (N.D. Cal. 2013) (citing *Lester v. JP Morgan Chase Bank*, 926 F.

23   Supp. 2d 1081, 1095 (N.D. Cal. 2013) (no need to allege tender because borrower alleged

24   that defendant did not have authority to foreclose on the property and thus any

25   foreclosure sale would be void)).

26       Again, out of an abundance of caution, the Court **GRANTS** Defendants' motion to

27   dismiss Plaintiff's quiet title claim, but grants Plaintiff leave to amend his quiet title

28   claim.  If Plaintiff can amend his TILA claim, *see supra* Part I.A, then amendment of

Plaintiff's quiet title claim may not be futile.  Plaintiff should allege nonconclusory facts clarifying how the instruments listed in Compl. ¶ 50 are relevant to his quiet title claim, which instruments relate to which Defendants, why it is inequitable for him to tender, and how the Defendants lack authority to foreclose.  Should they file a motion to dismiss, Defendants should explain why the transactions at issue are void, not merely voidable, instead of contending merely that Plaintiff fails to allege tender.

## IV.   Cancellation of Instruments

Cal. Civ. Code § 3412 provides for the cancellation of a written instrument when there is "reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable."  "To plead a cause of action for cancellation of instrument, plaintiff must show that he will be injured or prejudiced if the instrument is not cancelled, and that such instrument is void or voidable." *Zendejas v. GMAC Wholesale Mortg. Corp.*, No. 10cv184 OWW, GSA, 2010 WL 2629899, at *7 (E.D. Cal. June 29, 2010) (granting motion to dismiss because plaintiffs failed to assert any valid reason, except that the defendants did not have the right to foreclose, why the instruments are void or voidable).  A plaintiff must provide facts, "not mere conclusions, showing the apparent validity of the instrument designated, and point out the reason for asserting that it is actually invalid." *Ephraim v. Metropolitan Trust Co. of California*, 28 Cal. 2d 824, 833 (Cal. Ct. App. 1946).

Plaintiffs seek cancellation of a list of written instruments.  (Compl. ¶ 58.) Plaintiff simply alleges that the instruments are "defective and void," and that they depreciate the market value of his Property.  (*Id.* ¶ 59.)  Defendants contend that Plaintiff's claim fails because it relies solely on the other claims, which also fail, and for the independent reason that Plaintiff has not alleged his ability to tender the amount owing on the underlying debt.  (Dkt. No. 3 at 15.)

### A. Equitable Remedy

First, "cancellation of an instrument is an equitable remedy and not an independent basis for liability." *Lawson v. CitiCorp Trust Bank, FSB*, No. 2:11-CV-01163 KJM,

2011 WL 3439223, at *7 (E.D. Cal. Aug. 5, 2011), *aff'd sub nom. Lawson v. Citicorp Trust Bank*, 576 F. App'x 696 (9th Cir. 2014).  Because Plaintiff's theories of liability do not independently survive this instant motion to dismiss, and the success of Plaintiff's cancellation of instruments claim is contingent upon his other claims, Plaintiff's request fails.

Plaintiff's claim fails for other independent reasons.  Plaintiff does not allege any facts or reasons explaining why instruments C and D in Compl. ¶ 58 are invalid.  And as for instrument B, the purported "belatedness" of the assignment is not explained, and there is nothing in the Complaint that indicates how a late assignment renders the instrument invalid.  (Compl. ¶ 36.)  As for the original 2005 DOT (instrument A), Plaintiff's claim for cancellation is time-barred.  "Ordinarily, a four-year statute of limitations under California Code of Civil Procedure 343 applies in a suit to cancel a written instrument."  *Westfall v. Mortg. Elec. Registration Sys., Inc.*, No. 3:15-CV-01403-L-NLS, 2016 WL 1241520, at *4 (S.D. Cal. Mar. 30, 2016) (citing *Robertson v. Super. Ct.* (*Brooks*), 90 Cal. App. 4th 1319 (Cal. Ct. App. 2001)).  "However, when the alleged claim involves fraud or mistake, the applicable statute is for three years from the time of discovery of the facts constituting fraud or mistake."  *Id.* (citing *Zakaessian v. Zakaessian*, 70 Cal. App. 2d 721, 725 (Cal. Ct. App. 1945); Cal. Code Civ. Proc. § 338(4)).  Because Plaintiff's allegations regarding misrepresentations of AWL's existence sound in fraud, Plaintiff's claim is time-barred by the three-year statute of limitations.

The Court **GRANTS** Defendants' motion to dismiss Plaintiff's cancellation of instruments claim.  Amendment of Plaintiff's claim regarding the 2005 DOT may be futile, as it is time-barred.  However, if Plaintiff can amend his TILA claim as specified above, *see supra* Part I.A, then leave to amend Plaintiff's cancellation of instruments claim may not be futile.  Again, the Court grants Plaintiff leave to amend his claim out of an abundance of caution.  Plaintiff should allege nonconclusory facts clarifying how the instruments listed in Compl. ¶ 58 are relevant to his claim, which instruments relate to

which Defendants, why it is inequitable for him to tender, how he will be injured absent cancellation, and why the instruments are void.  Should they file a motion to dismiss, Defendants should explain why the transactions at issue are void, not merely voidable, instead of contending merely that Plaintiff fails to allege tender.

**B. Tender**

Alleging facts to show tender in the amount of the indebtedness or a valid excuse to the tender requirement is necessary to state a claim for cancellation of instruments. *Morgan v. Aurora Loan Servs., LLC*, 646 Fed. App'x 546 (9th Cir. 2016).  "In an action for rescission or cancellation of instruments, a complainant is required to do equity 'by restoring to the defendant any value the plaintiff received from the transaction.'" *Kimball v. Flagstar Bank F.S.B.*, 881 F. Supp. 2d 1209, 1225 (S.D. Cal. 2012).  However, tender is not required for causes of action for cancellation of instruments if the plaintiff properly alleges that a foreclosure sale is void rather than voidable.  *Sciarratta v. U.S. Bank Nat'l Ass'n*, 247 Cal. App. 4th 552, 568 (Cal. Ct. App. 2016) (tender was not required to state a cause of action for quiet title and cancellation of instruments because the plaintiff properly alleged the foreclosure was void).  Again, the same issues regarding tender and whether the relevant transactions were void, *see supra* Part III.B, are present in this claim.  The Court thus declines to dismiss Plaintiff's claim solely on the basis of the tender rule.

**V.      Breach of Contract Claim**

The elements of a breach of contract claim are "the existence of the contract, performance by the plaintiff or excuse for nonperformance, breach by the defendant and damages."  *First Commercial Mortg. Co. v. Reece*, 108 Cal. Rptr. 2d 23, 33 (Cal. Ct. App. 2001).

Plaintiff alleges conclusorily, without more, that he "did all of the significant things" required of him, and that "all conditions required by the contract for Plaintiff's [sic] performance had occurred or were excused."  (Compl. ¶¶ 62–63.)  Plaintiff's allegations cannot be squared with his allegation that he was in default by April 3,

2008.  (*Id.* ¶ 26.)  In addition, as Defendants point out, Plaintiff's allegations of breach by Defendants reference entities, like Summit, and contract terms that do not appear to be relevant to this Complaint.  (*Id.* ¶¶ 65, 67–69.)

Plaintiff's allegations of damages are also deficient.  Plaintiff asserts that he has "incurred late fees and other fees due to the breach," leading him to owe more than $826,550 at the time this lawsuit was filed, and that his "credit history was harmed in such a way that Plaintiff could not qualify for a new loan."  (*Id.* ¶¶ 66, 69.)  However, Plaintiff "fails to adequately plead that any breach, if there was one, proximately caused [his] damages because [he] does not dispute his default on the loan and does not allege an ability to cure his default absent the alleged [breach]."  *Gomez v. Bayview Loan Servicing, LLC*, No. 3:14-CV-04004-CRB, 2015 WL 433669, at *3 (N.D. Cal. Feb. 2, 2015) (citing *Capell Assocs, Inc. v. Cent. Val. Sec. Co.*, 260 Cal. App. 2d 773, 779 (Cal. Ct. App. 1968)).

Accordingly, Plaintiff fails to state a claim for breach of contract.  The Court **GRANTS** Defendants' motion to dismiss Plaintiff's breach of contract claim without prejudice.  Should Plaintiff elect to amend this claim, he should allege nonconclusory facts regarding Defendants' breach of any contractual terms.

## VI.    Declaratory and Injunctive Relief

Under 28 U.S.C. § 2201(a), "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  Declaratory relief should be denied if it will "neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." *United States v. Wash.*, 759 F.2d 1353, 1356–57 (9th Cir. 1985).  A claim for declaratory relief is unnecessary where an adequate remedy exists under some other cause of action. *Manown v. Cal-Western Reconveyance Corp.*, No. 09cv1101 JM (JMA), 2009 WL 2406335, at *6 (S.D. Cal. Aug. 4, 2009).  "A claim for declaratory relief is not a stand-

alone claim, but rather depends upon whether or not Plaintiff states some other substantive basis for liability." *Nguyen v. JP Morgan Chase Bank*, No. SACV 11-01908, 2012 WL 294936, at *4 (C.D. Cal. Feb. 1, 2012) (citing *Glue-Fold, Inc. v. Slautterback Corp.*, 82 Cal. App. 4th 1018, 1023 n.3 (Cal. Ct. App. 2000) (noting that equitable forms of remedy "have no separate viability" if plaintiff's other causes of action fail)).  District courts have dismissed declaratory judgment causes of action as unnecessary when there are adequate forms of remedy at law available.  *See, e.g.*, *Mangindin v. Washington Mut. Bank*, 637 F. Supp. 2d 700, 707–08 (N.D. Cal. 2009) (dismissing declaratory relief claim as duplicative of other claims and unnecessary); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1186, 1189 (E.D. Cal. 2010) (same); *Manown v. Cal-Western Reconveyance Corp.*, No. 09cv1101 JM(JMA), 2009 WL 2406335, at *6 (S.D. Cal. Aug. 4, 2009) (same).

Here, Plaintiff seeks declaratory relief determining that Plaintiff is the owner of the Property; that the August 25, 2010 and August 28, 2012 ADOTs are invalid and void; and that none of the Defendants had any right or interest in the Note, DOT, or Property as a matter of law.  (Compl. ¶¶ 28–33).  Plaintiff seeks declaratory relief that is substantially similar to the relief sought in the other causes of action.

Because this claim depends on the viability of Plaintiff's other claims, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's claim for declaratory relief without prejudice.  Plaintiff may amend his claim accordingly.

## CONCLUSION

The Court **GRANTS** Defendants' motion to dismiss Plaintiff's Complaint.  (Dkt. No. 3.)  Plaintiff's claims are dismissed without prejudice.  Plaintiff may amend his Complaint to cure the deficiencies specified in this Order and should file an amended Complaint no later than January 6, 2017.

**IT IS SO ORDERED.**

/ / / /

1    Dated:  December 12, 2016

2

3                            Hon. Gonzalo P. Curiel
                              United States District Judge

3:16-cv-02520-GPC-NLS