UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANS D'OLEIRE, as individual,<br><br>                         Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC; BANK OF AMERICA, N.A. aka BOFA Home Loans Servicing, LP formerly known as Countrywide Home Loans Servicing LP; AMERICA'S WHOLESALE LENDER, a New York Corporation; THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC. ALTERNATIVE LOAN TRUST 2005-56 MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2005-56; NATIONAL DEFAULT SERVICING CORPORATION; and DOES 1 through 20, inclusive,<br><br>                         Defendants. | Case No.: 3:16-cv-02520-GPC-NLS<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 41(b)**<br><br>**[ECF No. 10.]** |

      On February 16, 2017, Defendants Select Portfolio Servicing, Inc. ("SPS") and The Bank of New York Mellon, f/k/a The Bank of New York, as Trustee, on Behalf of

the Holders of the Alternative Loan Trust 2005-56, Mortgage Pass-Through Certificates, Series 2005-56 ("BNYM as Trustee") (collectively "Defendants") filed a motion to dismiss Plaintiff Hans D'Oleire's ("Plaintiff's") Complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to comply with an order of this Court. (Dkt. No. 10.) Plaintiff did not file a response, and Defendants did not file a reply. The Court deems Plaintiff's motion suitable for disposition without oral argument pursuant to Civil Local Rule 7.1(d)(1).

Having reviewed Defendants' motion and the applicable law, and for the reasons set forth below, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 41(b).

## BACKGROUND

On August 18, 2005, Plaintiff obtained a loan from AWL for $826,550.00 to purchase real property ("Property") located at 1045 White Alder Avenue, Chula Vista, California 91914. (Dkt. No. 1-4, Compl. ¶¶ 2, 12; Def.'s RJN Ex. A.) Plaintiff executed a deed of trust ("DOT") and a promissory note ("Note"), securing the Note with the Property. The DOT, recorded on August 25, 2005, lists Plaintiff as the borrower, AWL as the lender, Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary in nominee capacity for AWL and AWL's successors and assigns, and ReconTrust Company, N.A. ("ReconTrust") as the trustee. (Compl. ¶12; Def.'s RJN Ex. A at 3.) Plaintiff defaulted on his loan at some point in time before April 3, 2008. (Compl. ¶ 26.)

Plaintiff alleges a number of problems with the 2005 loan transaction. Plaintiff alleges on information and belief that AWL was a nonexistent entity, and that the actual lender, Countrywide Bank, maintained a practice of misrepresentation to borrowers that they were borrowing from AWL. (*Id.* ¶¶ 13–14, 20.) In addition to Defendants' failure to identify the true identity of the lender in loan documents and disclosures, Plaintiff further alleges on information and belief that Defendants falsified Plaintiff's income and employment on loan documents, made a loan to Plaintiff with knowledge that Plaintiff could not afford to repay the loan, concealed Plaintiff's obligations pursuant to the loan,

and ignored Plaintiff's debt-to-income ratio. (*Id.* ¶ 19.) Plaintiff maintains that he discovered the misrepresentation about AWL's identity and the falsification of his income, profession, employment history, and ability to repay the loan on August 28, 2012. (*Id.* ¶ 20.) Plaintiff alleges that prior to August 28, 2012, Countrywide Bank and its successors and assignees "concealed" the misrepresentations. (*Id.*)

On August 28, 2012, MERS executed and recorded an Assignment of Deed of Trust ("ADOT) to BNYM as Trustee. (Compl. ¶ 24; Def.'s RJN Ex. C at 2.) Plaintiff alleges that BNYM as Trustee is not and was not the holder of the Note or the beneficiary of the DOT. (Compl. ¶ 23.)

On August 11, 2014, SPS recorded a Substitution of Trustee ("SOT") and substituted NDSC as the trustee in place of ReconTrust. (Def.'s RJN Ex. D at 2.) On the same day, NDSC recorded a Notice of Default and Election to Sell Under Deed of Trust ("NOD") against the Property, notifying Plaintiff that he was $585,228.38 in arrears on his loan as of August 7, 2014. (Def.'s RJN Ex. E at 2.) On December 10, 2014, NDSC recorded a Notice of Trustee's Sale ("NOTS"). (Def.'s RJN Ex. F at 2.) On September 12, 2016, Plaintiff's Property was sold at public auction to a Sierra Equity Acquisitions, LLC, a third party. (Def.'s RJN Ex. J at 2–3.)

Plaintiff filed a verified complaint on August 5, 2016, in San Diego Superior Court against SPS, Bank of America, N.A. ("BANA"), America's Wholesale Lender ("AWL"), BNYM as Trustee, National Default Servicing Corp. ("NDSC"), and Does 1 through 20, inclusive. (Dkt. No. 1-4, Compl. at 2.) Plaintiff asserts six causes of action:

1. Declaratory relief determining that Plaintiff is the owner of the Property, and that the August 25, 2010 and August 28, 2012 Assignments of Deed of Trust are invalid and void (Compl. ¶¶ 28–33);
2. Wrongful foreclosure in violation of Cal. Civ. Code §§ 2924 *et seq.* (*Id.* ¶¶ 34–41);
3. Violations of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.* (*Id.* ¶¶ 42–47);

3

    4. Quiet title (*Id.* ¶¶ 48–56);

    5. Cancellation of written instruments (*Id.* ¶¶ 57–59); and

    6. Breach of contract (*Id.* ¶¶ 60–70).

Plaintiff's first claim is against all Defendants; his second through fifth claims are against BANA, SPS, BNYM as Trustee, and NDSC; and his sixth claim is against AWL. Defendants SPS and BNYM as Trustee removed the action to federal court on October 7, 2016 (Dkt. No. 1) and filed a motion to dismiss on October 13, 2016 (Dkt. No. 3).

On October 13, 2016, Defendants filed a motion to dismiss Plaintiff's Complaint for failure to state a claim. (Dkt. No. 3.) The Court granted Defendants' motion to dismiss on December 12, 2016 and granted Plaintiff leave to amend his Complaint on or by January 6, 2017. (Dkt. No. 9.) In its Order, the Court specified the reasons for which Plaintiff's Complaint was dismissed and explained how Plaintiff should cure the deficiencies in his Complaint. (*See id.*) Plaintiff has not filed an amended Complaint.

Defendants brought the instant motion on February 16, 2017. (Dkt. No. 10.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) provides, in pertinent part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). A district court has discretion to dismiss an action "for failure to comply with the court's order requiring submission of an amended complaint in a timely manner." *Yourish v. California Amplifier*, 191 F.3d 983, 988 (9th Cir. 1999).

Under Ninth Circuit precedent, district courts must consider five factors before dismissing a case as a sanction: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Id.* at 990 (internal citations and quotation marks omitted). Moreover, "[a] dismissal for lack of prosecution must be supported by a showing of unreasonable delay," which "creates a presumption of injury to the defense."

*Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

## DISCUSSION

Defendants contend that Plaintiff has failed to diligently prosecute his case, citing Plaintiff's failure to properly serve Defendants after filing his Complaint in state court, failure to oppose Defendants' motion to dismiss, and failure to amend his Complaint on or by January 6, 2017. (Dkt. No. 10 at 7.) Presently, four months after the Court dismissed Plaintiff's Complaint and granted Plaintiff leave to amend, Plaintiff has not responded in any way to the Court's Order. (*See generally* Dkt.) Indeed, Plaintiff has not appeared or litigated his case at all after filing his Complaint in state court. (*See generally* Dkt.)

The balance of the five factors weighs in favor of dismissal. First, the public's interest in expeditious resolution of litigation weighs in favor of dismissing Plaintiff's case. *See Yourish*, 191 F.3d at 990 ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."). Second, the Court's need to manage its docket weighs in favor of dismissal, as Plaintiff's failure to amend his Complaint has caused the instant case to remain stagnant on the Court's docket for months. *See id.* (affirming dismissal where "Plaintiffs' failure to amend had caused 'the action to come to a complete halt'"). Third, the risk of prejudice to the Defendants weighs in favor of dismissal. Defendants have incurred "unnecessary expenses" in bringing this instant motion. (Dkt. No. 10 at 7.) Plaintiff's failure to litigate his case is not merely unreasonable, but unexplained—Plaintiff has not proffered any reasons for failing to timely amend, and has not attempted to rebut the presumption of injury to Defendants. *See Yourish*, 191 F.3d at 991 ("[T]he risk of prejudice to the defendant is related to the plaintiff's reason for defaulting in failing to timely amend."); *Henderson*, 779 F.2d at 1423. Fourth, "[a]lthough there is indeed a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Here, Plaintiff has made no effort since filing his

5

3:16-cv-02520-GPC-NLS

Complaint to move his case toward disposition on the merits.  The fourth factor is thus at best neutral.  Finally, the availability of less drastic alternatives weighs in favor of dismissal.  The Court allowed Plaintiff leave to amend his Complaint, and Plaintiff has not filed an amended Complaint or sought an extension of time to do so.  Nor has he opposed the instant motion to dismiss, inquired about or sought less drastic remedies, or attempted to file any documents in support of his case.

The Court finds that the balance of the five factors weighs in favor of dismissing Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 41(b).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:  April 14, 2017

Hon. Gonzalo P. Curiel
United States District Judge

6

3:16-cv-02520-GPC-NLS